VOL. 107, OCTOBER TERM, 1891.          291

The State ex rel. Reform School v. Macon Co. Court.

THE STATE *ex rel.* REFORM SCHOOL V. COUNTY COURT
OF MACON COUNTY.

DIVISION TWO.

1. **Reform School, Cost of Maintaining Inmates of.** Each
county is required by law in all cases to maintain those sentenced
from it to imprisonment in the reform school, where the judg-
ment for such maintenance is not against the parent or guardian
of the convict.

2. ———. Where the conviction is for a felony, the costs of the pro-
ceeding and of delivering the convict to the reform school must
be paid by the state.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*W. M. Williams* and *John R. Walker* for relator.

Section 5745 provides, "Whenever any court or
judge thereof shall commit any boy to the reform school,
such court or judge shall enter a continuing judgment
for the required amount per month, to be paid quarterly
as hereinafter provided, for the keeping of such boy in
such reform school, against the county, parent or guar-
dian, as the case may be, together with the costs."
This section is general; it is not limited to cases of mis-
demeanor. It declares that, whenever any court shall
commit any boy to the reform school, a judgment shall
be entered against the county, parent or guardian for
his support. We insist that this section only imposes
the liability upon the county, or upon the parent or
guardian; and that there is no authority for holding
the state liable for such support and maintenance. If it is
the duty of the court, when it commits any boy to the
reform school, to enter a judgment thereon against the

county, or against the parent or guardian, it necessarily follows that the county, or parent, or guardian, as the case may be, must pay the expenses. Section 5752 provides for the amount that shall be paid per month; and section 5753 directs that it shall be paid quarterly in advance by the county, in cases where the liability is upon the county. These are the only sections of the statutes bearing upon the question.

*W. H. Sears*, Prosecuting Attorney, for respondent.

The agreed statement of facts shows that the five boys committed to the reform school were guilty of felonies punishable solely by imprisonment in the penitentiary. The county is not liable for their support, but it is an obligation of the state. R. S. 1889, secs. 5741, 5742, 4396, 4397. Section 5753 provides that the county from which the boy is sent to the reform school, at the expense of the county, shall pay quarterly in advance the sum of $10 per month. The boys mentioned in the agreed statement of facts were not sent at the expense of the county. Section 10, Acts of 1887, provides that the county sending inmates to the reform school shall pay at the rate of $182 per annum. But section 5752, Revised Statutes, 1889, does not say that the county shall pay the $10 per month. Sections 5745 and 5746 refer to boys only that have been committed to the reform school for misdemeanors. Sections 5741 and 5742 are in keeping and in harmony with sections 3961 and 4396. The state is required and does pay all costs, including board, for cases of this kind up to the delivery of the boys to the reform school, and this is certainly a strong inference that the state is liable for all costs that may accrue after the commitment. If the relator is correct in the object and purpose of this law relative to the board of boys in cases of this character, then the courts can sentence a boy under sixteen years to the penitentiary, and the governor can commute such

sentence to the reform school, at the costs and expense of the state.    Sec. 5755.

MACFARLANE, J.—The board of managers of the state reform school for boys presented a petition to the court stating in substance, that one Raymond Jones was convicted of burglary and grand larceny by the circuit court of Macon county, at the April term, 1890; and the said Jones, being found by the court to be under the age of eighteen years, was committed to the reform school for boys for one year; that he was delivered to said institution under said commitment on the first day of May, 1890, and was discharged therefrom on the expiration of his sentence on the first day of May, 1891; that it became and was the duty of the county court of Macon county to pay to the treasurer of said state reform school for boys quarterly, in advance, the sum of $10 per month, for the support and maintenance of said Jones, during the term he was confined in the state reform school under said sentence and commitment; that said county thereupon became indebted to said reform school in the sum of $120, for the support and maintenance of said Jones during his said confinement.

The petition further charged that one William Dean, also under eighteen years of age, was convicted of burglary and grand larceny by said circuit court at the April term, 1891, and his punishment was commuted to commitment in said reform school for the period of one year, and he was committed April 27, 1891, and is now confined in said school.

The petition stated further that at the April term, 1891, of said circuit court, Frank Medley, Ora Mitchell and Walter Taylor, each being under eighteen years of age, were convicted of felonies, and their punishment commuted to commitment to said reform school, in which they were placed June 24, 1891, in which they are still confined under said sentences; that it was the duty of the county court to pay to the treasurer of said state reform school quarterly, in advance, $10 per month,

for the support and maintenance of each of said boys during the time of their confinement; that there was due to said school from said county on the first day of November, 1891, the sum of $431, for the support and maintenance of said boys, and that respondent, the county court of said county, has failed and refused, and still fails and refuses, to issue a warrant on the treasurer of said county for the payment of said amount.

Relator prayed for a writ of *mandamus*, directed to said county court, and to respondents, the judges thereof, commanding them to draw a warrant on the treasurer of said county in favor of the treasurer of the board of managers of said state reform school, for the said sum of $431, and for all proper relief.

Upon filing the petition respondents appeared, by attorney, and by stipulation filed entered their voluntary appearance and waived the issuance of an alternative writ. By said stipulation it was agreed that the boys named in the petition were all convicted on their respective pleas of guilty of felonies, and then their punishment commuted to commitment to said reform school, to which they were delivered on the dates specified in the petition; that they were each under sixteen years of age when convicted except one who was under eighteen years, and that there was due to said reform school, for the quarter ending October 31, 1891, for the support and maintenance of said boys, the sum of $311. It is also agreed that the differences to be settled by this proceeding were to determine whether the state or county is liable for the amount due said reform school, and the question was submitted on the petition and stipulation.

The law establishing a reform school for boys in this state was passed by the general assembly, at the session held in 1887, and was approved March 30, of that year. Section 9 of said act provides that: "In all cases of conviction for misdemeanor or felony, if the offender shall be under the age of eighteen years,

the court may commute the punishment, now provided by law, to confinement in the said reformatory school for a period of not less than one nor more than six years;" and section 10 provides that : "For the support of the inmates of said reformatory school, each county shall pay at the rate of $182 per annum for every individual sent from such county, payment thereof to be made quarterly, in advance, for the board and clothing of each person sent by such county, the money so paid to be expended by direction of the board of managers."

In this act no provision was made for the payment of the costs of the proceedings under which the convictions were had.

As the law stood prior to the act of 1887, when a person under eighteen years of age was convicted of a felony, the court was required to sentence him to imprisonment in the county jail, not exceeding one year, instead of imprisonment in the penitentiary. R. S. 1879, sec. 1666. The county was required to pay all costs in cases in which a defendant was sentenced to imprisonment in the county jail. Sec. 2094. A jailer was allowed fees, which were taxed as costs, for furnishing board to a prisoner confined in the county jail, for each day such sum, not exceeding fifty cents, as might be fixed by the county court of each county. Secs. 5607, 5608, 6078, 6079.

It will thus be seen that, previous to the act of 1887, establishing the reformatory school, the county was liable for all costs, in case of insolvency of the prisoner, in cases in which the convict was sentenced to imprisonment in the county jail, which included the expense of maintenance after conviction. As has been seen the liability of the county was continued, under the act of 1887, for the expense of keeping the prisoner in the reform school. The school took the place of the jail in respect to these juvenile offenders, the expense in each case to be borne by the county. Thus the established policy of the state has been to charge the counties with

the maintenance of such of its own criminals as were not punished by imprisonment in the penitentiary.

An entirely new act respecting the reform school for boys was passed, and went into the revision of 1889. Secs. 5731–5756, inclusive. Section 1666 was also amended to correspond with the reform school law. Section 2094 remained the same in the revision, but section 5742 was enacted which provides : "In all cases of conviction of felony, wherein the punishment is commuted to a commitment to the reform school, the costs of the proceedings, and the delivery of such boy to the reform school, shall be assessed against, and paid by, the state."

It will be observed here that the costs to be paid by the state, under this section, are expressly confined to the "costs of the proceedings," while the costs under the previous law ( sec. 2094 ), to be paid by the county, included all costs of both conviction and punishment. It is also observable that, under the revision ( secs. 3961, 5747 ), a boy under eighteen and over sixteen years of age, when convicted of a felony, may be punished by imprisonment in the penitentiary, or by confinement in the reform school, at the discretion of the judge, before whom he was convicted, which accounts somewhat for the change in the law in respect to payment of the costs in such felony cases, by the state, instead of the county.

These amendments of the law indicate very clearly that it was not the design of the act, revising the reform school law, to relieve the county from any costs or expenses, in case the conviction was for a felony, other than the costs of the proceedings by which the prisoner was convicted.

If any doubt existed it will be removed by an examination of section 5745 which is as follows: "Whenever any court, or judge thereof, shall commit any boy to the reform school, such court or judge shall enter a continuing judgment for the required amount per month, to be paid quarterly, as hereafter provided for

the keeping of such boy in such reform school, against the county, parent or guardian, as the case may be, together with the costs.   Whenever the judgment for keeping a boy in the reform school is against the county, the court or judge rendering such judgment shall certify the same to the county court."

There can certainly be but one construction given to this section.   It is provided by section 5741 that the court may commit to the reformatory school boys who have been convicted of either felonies or misdemeanors, and boys under sixteen years of age, and those over sixteen and under eighteen.   The provision for entering a continuing judgment against the county applies to the case of any boy who has been convicted, and necessarily includes those convicted of felonies.

It is insisted that section 5753 indicates that some boys may be committed to the reform school, and the county not be bound for their maintenance.   The proposition is undoubtedly correct, but it does not follow that the state, in such cases, is intended as the responsible party.   A judgment may be entered against the parent or guardian under section 5741, and the reference to "any boy sent to the reform school at the expense of the county" made in section 5753 is clearly intended to distinguish that boy from one sent at the expense of the parent or guardian.

These sections, taken all together, we think entirely harmonious and demonstrate that the legislature did not intend to depart further from the policy of the state so long maintained, of requiring each county to maintain its own convicts in case the grade of punishment does not reach that of imprisonment in the penitentiary, than to require the state to pay the costs of the proceedings in felony cases, and the expense of placing the boy in the school.

We think there is no doubt the county of Macon is liable for the maintenance of these boys in the reform school.   Peremptory writ of *mandamus* ordered as per stipulation.   All concur.